People ex rel. Flanders v. Haines.

---

PEOPLE *ex rel.* FLANDERS *et al.*, appellants, v. HAINES *et al.*, commissioners.

*Certiorari — when granted — what reviewable under.*

By Laws 1869, chap. 888, commissioners are directed to be appointed for the purpose of draining certain low lands in Niagara county, and assessing the expense upon the property benefited. From the assessments of the commissioners an appeal is authorized to the county court, provided the same is brought within ten days. Certain persons who were dissatisfied with assessments made by the commissioners after the ten days allowed for appeal had elapsed, sought to review the assessments by a common-law writ of certiorari.

*Held,* (1) that the right to such writ was not taken away by the statute; (2) but upon it the court could not review matters of fact belonging to the commissioners to determine, but would only interfere where it was shown that the commissioners acted upon some erroneous principle or violated some legal right.

APPEAL from an order of the special term setting aside a writ of certiorari.

On the petition of Cyrus W. Swan and others, Jesse P. Haines and Luther Forsyth were, on the 12th day of May, 1870, appointed by the county judge of Niagara county, commissioners for draining certain low and wet lands in the towns of Wilson and Cambria, in said county, under and in pursuance of chap. 888 of the Laws of 1869. Said commissioners thus appointed, qualified and entered upon the performance of their duties as such, and on or about the 16th day of July, 1870, met as such commissioners and decided that it was necessary for the public health and for the benefit of certain low wet lands in said towns that the Twelve Mile creek be widened and deepened, and three ditches dug emptying into said creek. They thereupon proceeded to make the necessary maps and surveys and an estimate of the necessary expenses of making such ditches, etc., which were assessed or apportioned upon certain lands deemed to be benefited thereby; they also entered into contracts with various persons for digging such ditches and widening said creek, and such progress was made with the work that on the 6th day of September, 1871, the same was entirely completed with the exception of a small and insignificant portion. The said commissioners retained in their possession all the papers, maps, surveys, estimates and assessments and apportionments appertaining to or growing out of their duties as such commissioners, until the 6th day of September, 1871, when they filed a portion of the same in the office of the clerk of the county of Niagara, and commenced notifying the parties, against whom they had apportioned the expenses of the improvement, of the amounts assessed to them. The relators, Lyman Flanders and eighteen others, on the 18th of September, 1871, appealed from such assessment to the county judge of Niagara county. This appeal was on the 24th day of October, 1871, dismissed by order of the county court of said county, on the ground that by chapter 303 of the Laws of 1871, amending the above-named chapter 888 of the Laws of 1869, such appeal should have been to the county court instead of the county judge. At the time this order was made the

time for appealing had expired, and no new appeal could be taken. From this order the relators appealed to the general term of the supreme court for the fourth department; which court, at the general term held in March, 1872, affirmed said order upon the same ground taken by the county court.

The relators then applied *ex parte* at a special term of the supreme court held in and for the county of Erie, by Mr. Justice DANIELS, and on the 28th day of August, 1872, obtained an order for the writ of certiorari herein, to said commissioners. At a subsequent special term of this court held at Buffalo on the 17th day of June, 1873, by Mr. Justice BARKER, the writ was dismissed on the ground that the same had been improvidently granted. The relators now appeal to this court from such order of dismissal.

*Wm. S. Farnell,* for appellants. The court had power to issue the writ, notwithstanding the right of appeal to the county court. *People* v. *Haines,* 49 N. Y. 587; *Ex parte Heath,* 3 Hill, 42; *Wood* v. *Randall,* 5 id. 264; *Comstock* v. *Porter,* 5 Wend. 98; *Matter of Mount Morris Square,* 2 Hill, 14; *S. & W. R. R. Co.* v. *McCoy,* 5 How. 378; *People* v. *Supervisors of Queens,* 1 Hill, 195; *People* v. *Covert,* id. 674; *Ex parte Mayor of Albany,* 23 Wend. 277. A common-law certiorari brings up the whole case and the court may decide upon the merits. *People* v. *Assessors of Albany,* 40 N. Y. 154; *People* v. *Board of Police,* 39 id. 506; *Mullins* v. *People,* 24 id. 399; *Swift* v. *City of Poughkeepsie,* 37 id. 511; *Baldwin* v. *City of Buffalo,* 35 id. 375; *People* v. *Smith,* 45 id. 776.

*L. F. & G. W. Bowen,* for respondents.

GILBERT, J. We are of opinion that the court below properly exercised its discretion in quashing the writ of certiorari. The papers show that the work has been completed more than two years, and that the respondents have discharged their duties as commissioners and have filed the papers containing their official proceedings in the office of the county clerk as required by law. The writ, therefore, should probably have been directed to the clerk, as well as to the respondents. But assuming the writ to be regular, it would not have been in accordance with public policy, or with the intention of the legislature expressed in the act, to overhaul their proceedings after the lapse of so long a period, except for plain and

urgent reasons. The papers set forth no error of which the relators can complain, except such as have arisen from the imposition of the assessment upon the lands owned by them respectively. Upon this subject the allegation is that their lands have not been benefited at all by the improvement, and that if any benefit can be deemed to have accrued to them, they have been disproportionately assessed for the expense of the work. Enough is not shown, however, to authorize a review by this court of the action of the commissioners in this respect. The statute (Laws 1869, chap. 888, § 10) expressly commits the whole subject of the assessment to the judgment of the commissioners in the first instance, and provides for the correction of all errors in the assessment by an appeal to the county court, provided such appeal is brought within ten days after service by the commissioners of a notice which the act specifies.

No appeal having been taken to the county court within the time limited by the act, the relators have lost the larger remedy which the statute gave them, and must now be confined to the relief which according to the rules of this court can be afforded them upon a certiorari. It has long been settled that this court cannot in such a proceeding review the determination of the commissioners that the relators' lands have been benefited, or in respect to the sums assessed. These are matters of fact, which belong to the commissioners exclusively to determine, and it is only where it is shown that they have acted upon some erroneous principle or violated some legal right, that the court can interfere with their decision. *Re Broadway widening,* 63 Barb. 574, 594. Nothing of that kind appears in the papers before us. While, therefore, we agree with the learned counsel for the relators that the common-law remedy by the writ of certiorari has not been taken away by the statute, we think the discretionary power of granting it ought not to have been exercised in this case.

The order appealed from is, therefore, affirmed, with costs.

*Order affirmed.*